# Dean, *et al.* v. Witherington.

*Action on a Bond given in the Contest of an Election.*

1. *Appeal; objections to evidence not made in the trial court.*—Objections to the admissibility of evidence not raised in the trial court can

[Dean, *et al.* v. Witherington.]

not be insisted upon and will not be considered in the Supreme Court.

2. *Same; questions not considered in argument of counsel.*—Assignments of error not insisted on in the argument of counsel will not be considered on appeal.

3. *Fees of probate judge; admissibility of evidence in reference thereto in an action for costs in the contest of an election.*—The statute (Code of 1886, § 3686; Code of 1896, § 1376) which requires that the probate judge shall make out an itemized account for his official services before they are due and collectible, does not require him to keep such itemized account; and in an action on a bond given in the contest of an election to recover the costs of such contest, it is no objection to the admission of evidence of the fees of the probate judge on the contest, that he did not keep an itemized account of his official services.

4. *Same; same.*—In an action on a bond given in the contest of an election to recover the costs of such contest, it is no objection to the admission of evidence of the fees of the probate judge on the contest, that the judge did not keep constantly in his office a book in which were entered all the fees received by him, as required by the statute, (Code of 1886, § 3678; Code of 1896, § 1366); since the fees in question, though claimed to be due, had not been received by the probate judge.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. JOHN R. TYSON.

Appellee, Witherington, brought this action by summons and complaint in the circuit court of Conecuh county on a bond for costs executed by appellants, Frank J. Dean and his sureties, to make a contest of appellee Witherington's election as clerk of the circuit court of Conecuh county, Alabama. There was a judgment in that contest in the probate court against appellant Dean, and appellant appealed from that judgment of the probate court to the circuit court of Conecuh county, and his appeal was dismissed out of the said circuit court for want of jurisdiction.

Before Dean instituted his contest of the election of Witherington, he executed the bond, which is the foundation of this suit, as security for the costs of such contest, in compliance with the requirements of the statute. The court below held that the obligors on that bond are liable to a recovery in this action for such items of the cost of the contest instituted and lost by Dean, as were legally incurred and taxed therein, and rendered judgment accordingly. The defendants appeal from the judgment rendered and made six assignments of error

[Dean, *et al.* v. Witherington.]

based upon the rulings of the trial court, to which exceptions were reserved. The facts in reference to these several assignments of error are sufficiently shown in the opinion for a full understanding of the decision on the present appeal.

EDWIN F. JONES, for appellant, cited *Kahn v. Locke*, 75 Ala. 332; *Brewer v. State*, 59 Ala. 62.

J. C. RICHARDSON, *contra*, cited *Danc v. Loomis*, 51 Ala. 489; *Bradley v. State*, 69 Ala. 323; *Birmingham v. McCary*, 84 Ala. 469.

BRICKELL, C. J.—This action, in which the appellee was plaintiff, is founded upon a suretyship in writing for the payment of costs, executed by the appellants in accordance with the statutes then of force, (Code of 1886, §§ 398-417), upon the institution of a contest of the election of the appellee to the office of clerk of the circuit court of Conecuh; and the complaint assigns as breaches of the writing, that the contestant, the appellant Dean, was unsuccessful in the contest, and had failed to pay the costs thereof. The assignments of error are founded on a bill of exceptions taken to the rulings of the trial court.

1. The first assignment relates to the admission in evidence of a book purporting, or claimed to be, a record book kept by the judge of probate, containing the memorial of the proceedings had and judgment rendered on the contest of the election. But there was no objection taken to its admission on the trial in the court below. There was no more than an expression of a purpose, at a future time in the course of the trial, "to lay a predicate," as it is termed, for a motion to exclude it, and to its admission no exception was reserved. Objection to the admissibility of evidence, not raised in the trial court, cannot be insisted on in this court.—*Thompson v. Lee*, 31 Ala. 292; 3 Brick. Dig. 443, § 565.

2. The third, fifth and sixth assignments of error are not insisted on in the argument of counsel for appellants, and it has long since been the settled practice of this court, in civil cases, to notice only those assignments of error which are insisted on in the argument of counsel.—1 Brick. Dig. 102, § 285; 3 Brick. Dig. 40, § 125.

3. The second and fourth assignments relate to the admission of evidence of the fees of the judge of probate on the contest. The precise objection to the admission of the evidence, in the first instance, was, that the judge had not, as required by section 3686 of the Code of 1886, (Code of 1896, § 1376), kept an itemized account of his official services. That section does not require the judge to keep such itemized account. The requirement is, that *he shall make out* such an account before his fees are due and collectible. If the objection to the admission of evidence is specific, and is not well taken, there is no error in overruling it. The point of objection now urged to the admissibility of the evidence is, that the judge did not keep constantly in his office a book in which was entered all the fees received by him, stating for what and from whom received, as required by the statute, (Code of 1886, § 3678; Code of 1896, § 1366), but that he had entered the fees in two several books. There is no force in the objection, for the obvious reason that these fees had not been received by the judge—one of the objects of the present suit is their recovery. We find no error in the record, and the judgment must be affirmed.

Affirmed.